UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
AMABLE GONZALES, *pro se*,                 :
                                            :            **MEMORANDUM & ORDER**
                            Plaintiff,       :
                                            :            14-CV-6478 (DLI)(RER)
                -against-                    :
                                            :
LEGEND HOSPITALITY,                         :
                                            :
                            Defendant.       :
------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Amable Gonzales, proceeding *pro se,* brings claims under Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § § 2000e - 2000e-17, the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the Americans with Disabilities Act, 42

U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff's request to proceed *in forma pauperis* is granted for

the purpose of this Order. For the reasons discussed below, the action is dismissed without

prejudice for failure to state a claim. The Clerk of the Court is directed to stay the closure of this

case as plaintiff is granted leave to file an amended complaint NO LATER THAN December 5,

2014.

Plaintiff alleges that her supervisor "made repeated comments . . . related to [plaintiff's]

age, race & physical health issues that [plaintiff] was experiencing." (Compl. at 4, ¶ 8.) Plaintiff

filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC"). On January 15, 2014, the EEOC issued plaintiff a Dismissal and Notice of Rights

stating that the EEOC is unable to conclude that the information obtained established a violation

of the statutes. (*See* Dismissal and Notice of Rights Letter attached to Compl.) Plaintiff filed the

instant action on October 29, 2014.

## DISCUSSION

### I. Standard of Review

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

### II. Timeliness

For a Title VII or ADEA claim to be timely, it "must be filed within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC."  *Francis v. Elmsford Sch. Dist.,* 442 F.3d 123, 126 (2d Cir. 2006); *see also* 29 U.S.C. § 626(e) ("A civil action may be brought . . . against the respondent named in the charge within 90 days after the receipt of such notice."); *Hodge v. New York Coll. of Podiatric Med.,* 157 F.3d 164, 166 (2d Cir. 1998) ("ADEA plaintiffs

may file suit in court at any time from 60 days after [timely] filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated."). A presumption exists that an EEOC notice is received three days after its mailing. *Tiberio v. Allergy Asthma Immunology of Rochester,* 664 F.3d 35, 37 (2d Cir. 2011). If a plaintiff fails to bring suit within this 90-day period, the claim is time-barred. *See Melie v. EVCI/TCI College Admin.,* 374 Fed. Appx. 150, 152 (2d Cir. 2010) (finding that plaintiff's discrimination and retaliation claims under Title VII were time-barred, when plaintiff initiated suit outside the 90–day period).

Here, plaintiff failed to commence this action within 90 days of her receipt of the right-to-sue letter. Plaintiff's right-to-sue letter is dated January 15, 2014. Thus, she is presumed to have received the letter on Saturday, January 18, 2014. However, plaintiff did not file this action until October 29, 2014, which is 285 days after receipt of the letter. Accordingly, plaintiff's complaint was not filed timely.

The 90-day limit on the time for a claimant to file suit is not a jurisdictional prerequisite to filing, and is thus subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398 (1982) (noting that, "[b]y holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, [the Court] honor[s] the remedial purpose of the legislation."). Here, plaintiff also fails to offer any basis for equitable tolling.

### III.     Sufficiency of the Pleading

Moreover, the complaint fails to allege facts sufficient to state a cause of action for employment discrimination under the ADEA and the ADA.

In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that she was within the protected age group (more than 40 years old); (2) that she was qualified for his position; (3) that she experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)). In support of her ADEA age discrimination claim, plaintiff alleges that she is a member of the protected age group but does not plead any facts to support an inference that the defendant discriminated against her because of her age. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed. See Dugan v. Martin Marietta Aerospace, 760 F.2d 397, 399 (2d Cir. 1985) ( "While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced.").

In order to establish a prima facie case of discrimination under the ADA, the plaintiff must establish that: (1) the defendant is subject to the ADA; (2) she suffers from a qualifying disability; (3) she was otherwise qualified to perform the essential functions of his position with or without a reasonable accommodation; and (4) the defendant terminated plaintiff's employment under circumstances giving rise to a reasonable inference of discrimination because of her disability. See Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003); Debell v. Maimonides Medical Center, No. 09 CV 3491, 2011 WL 4710818, at *4 (E.D.N.Y. Sept. 30, 2011). In support of her ADA disability discrimination claim, plaintiff alleges that she is a member of the protected group, but fails to allege that she has a qualifying disability as defined by the ADA. Moreover, she fails to plead any facts to support an inference that the defendant

discriminated against her because of her disability. Even under the most liberal interpretation of plaintiff's allegations, she provides no facts that possibly could connect any adverse employment action to a protected status under the ADEA or ADA.

## CONCLUSION

In light of plaintiff's *pro se* status, she is granted leave to amend the complaint in accordance with this Memorandum and Order NO LATER THAN December 5, 2014. If she elects to file an amended complaint, she must submit any grounds she has for tolling the 90-day period following the receipt of the EEOC right-to-sue letter and facts to support her allegations that she was discriminated against under the ADEA and ADA.

The amended complaint must be submitted to the Court NO LATER THAN December 5, 2014, be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order. For the convenience of *pro se* plaintiff, "Instructions on How to Amend a Complaint" are attached to this Memorandum and Order. Plaintiff is advised that the amended complaint will replace the original pleading. All further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint by December 5, 2014, or if the Amended Complaint fails to comply with this Memorandum and Order, this action will be dismissed with prejudice.

The court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      November 5, 2014
                                          _____/s/_____
                                          DORA L. IRIZARRY
                                     United States District Judge